# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**APPROVED MORTGAGE, LLC**,

    Plaintiff,

v.

**WINTERWOOD MORTGAGE GROUP LLC DBA APPROVED MORTGAGE**,

    Defendant.

**Civil Action No. 6:23-cv-934**

## COMPLAINT

Plaintiff, Approved Mortgage, LLC, submits this original Complaint against Defendant, Winterwood Mortgage Group DBA Approved Mortgage, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for relief, namely for a declaration of no trademark infringement and no unfair competition under the Declaratory Judgment Act [28 U.S.C. §§ 2201-2202] and the Lanham Act [15 U.S.C. §§ 1051 *et seq.*], for cancellation of a federal trademark registration under the Lanham Act, and for unfair competition, unfair trade practices, and otherwise liability for acts causing damages under the Lanham Act and applicable state law.

### THE PARTIES

2. Plaintiff is a Louisiana limited liability company with a principal place of business address at 850 Kaliste Saloom Road, Suite 212, Lafayette, Louisiana 70508.

3. Defendant is an Indiana limited liability company with a principal place of business address at 107 North State Road 135, Suite 301, Greenwood, Indiana 46142.

-1-

4. Defendant may be served with process through their registered agent and Chief Executive Officer, Derrick Christy at 107 North State Road 135, Suite 301, Greenwood, Indiana 46142.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (actions arising under federal law); 28 U.S.C. 1338 (acts of Congress relating to patents, trademarks, and unfair competition claims joined therewith); and 28 U.S.C. § 1367 (supplemental jurisdiction over related actions arising under state law).

6. This Court has specific personal jurisdiction over Defendant because Defendant took affirmative acts in this District, namely sending a demand to Plaintiff in this District for Plaintiff to cease and desist their business in this District because of alleged violations of the Lanham Act

7. This Court has general personal jurisdiction over Defendant based upon their substantial, continuous, and systematic contacts with this District, including their advertising of their services on their interactive website.

8. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

## FACTUAL BACKGROUND

9. Plaintiff has continuously used APPROVED MORTGAGE in commerce in providing financial services, including mortgage lending, mortgage brokerage, and mortgage consultation, in and outside the State of Louisiana since at least as early as February 2017.

10. On December 14, 2018, well after Plaintiff began business as APPROVED MORTGAGE, Defendant filed a trademark application in the United States Patent and Trademark

Office ("USPTO") for registration of APPROVED MORTGAGE in International Class 36 for mortgage banking and mortgage lending. The trademark application was assigned application serial No. 88/230,398, and is hereinafter referred to as the '398 Application.

11. On June 23, 2023, over six years after Plaintiff began business as APPROVED MORTGAGE, Derrick Christy, CEO of Defendant, sent a cease-and-desist letter to Plaintiff, demanding that Plaintiff immediately cease using APPROVED MORTGAGE in any form, i.e., to immediately cease business entirely, and threatening to "pursue all available legal remedies, including … injunctive relief, monetary damages, and reimbursement of legal costs incurred"—citing US registration No. 6,186,874 (the "'874 Registration," which matured from the '398 Application on October 27, 2020). A true and correct copy of the letter is attached as Exhibit "1," and a true and correct copy of the '874 Registration is attached as Exhibit "2."

12. Plaintiff has a reasonable apprehension of an impending (frivolous) lawsuit and will be forced to answer claims made by Defendant in the immediate future.

13. An actual case or controversy exists between Plaintiff and Defendant regarding intellectual property rights because Plaintiff believes that Defendant's alleged trademark is descriptive, is generic, and has not acquired distinctiveness, and that the '874 Registration is invalid, unenforceable, and should be cancelled.

**FIRST CAUSE OF ACTION**
**(Cancellation of the '874 Registration for Invalid Trademark)**

14. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-13 as though fully set forth herein.

15. APPROVED MORTGAGE is not a protectable trademark because it is not capable of distinguishing services of one mortgage company from services of another mortgage company.

16.  In fact, during examination of the '398 Application, the USPTO thrice refused registration of APPROVED MORTGAGE because APPROVED MORTGAGE is merely descriptive of a function and purpose of Defendant's services, and specifically that, because "the purpose of mortgage banking is to originate mortgages and mortgage origination requires a mortgage to be approved, the term APPROVED is merely descriptive of a function and/or purpose of the [Defendant's] services …." and that, because "the purpose of the service is to issue a mortgage through the lending of money, the term MORTGAGE is generic …."

17.  For those reasons, the '874 Registration is on the Supplemental Register, a secondary register of trademarks legally presumed to be non-distinct, and therefore presumed unprotectable, but may acquire distinctiveness. "It is overwhelmingly agreed that a Supplemental Register registration is evidence of nothing more than the fact that the registration issued on the date printed thereon. … It is entitled to no presumptions of validity, ownership or priority." *In re Federated Dep't Stores*, 3 U.S.P.Q.2d 1541 (T.T.A.B. 1987).

18.  APPROVED MORTGAGE is merely descriptive or generic, is unable to acquire distinctiveness in connection with mortgage services, where use of APPROVED and MORTGAGE is so prevalent because it is inherent that satisfactory services will result in *approved mortgages*, and is therefore invalid.

19.  Plaintiff will be damaged by the continued registration of the '874 Registration, and hereby petitions to cancel the '874 Registration.

## SECOND CAUSE OF ACTION
### (Cancellation of the '874 Registration for Fraud on the USPTO)

20.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-19 as though fully set forth herein.

21. As part of the '398 Application, Defendant declared that "to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

22. It is highly suspect if Defendant did not know of the prevalent use of APPROVED MORTGAGE in their marketplace, and so it is clear Defendant knowingly filed materially false statements in connection with the '398 Application, and therefore the '874 Registration is invalid.

23. Plaintiff will be damaged by the continued registration of the '874 Registration, and hereby petitions to cancel the '874 Registration.

### THIRD CAUSE OF ACTION
### (Declaration of No Infringement)

24. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-23 as though fully set forth herein.

25. Defendant has not alleged any acquired distinctiveness and has not registered APPROVED MORTGAGE on the Principal Register.

26. Plaintiff's continuous use of APPROVED MORTGAGE is a fair, descriptive use and is not likely to cause confusion, or to cause mistake and to deceive, as to the affiliation, connection, or association of Plaintiff with Defendant (or *vice versa*) or as to the origin, sponsorship and approval of Plaintiff's services by Defendant.

27. Plaintiff's continuous use of APPROVED MORTGAGE in commerce in providing financial services, including mortgage lending, mortgage brokerage, and mortgage consultation, in and outside the State of Louisiana pre-dates the '398 Application and the '874 Registration.

28. Plaintiff therefore has not infringed and does not infringe any alleged rights in the '874 Registration.

## FOURTH CAUSE OF ACTION
### (Declaration of No Unfair Competition)

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-28 as though fully set forth herein.

30. Plaintiff's continuous use of APPROVED MORTGAGE in commerce in providing financial services, including mortgage lending, mortgage brokerage, and mortgage consultation, in and outside the State of Louisiana pre-dates any competing use of APPROVED MORTGAGE by Defendant is the same territories.

31. Plaintiff therefore has not infringed and does not infringe any alleged rights in APPROVED MORTGAGE under common law or otherwise.

## FIFTH CAUSE OF ACTION
### (Federal Unfair Competition)

32. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-31 as though fully set forth herein.

33. This Cause of Action, arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), is for federal unfair competition.

34. Defendant's threatened legal action is based on an invalid and unenforceable registration.

35. Defendant deliberately and willfully attempts to enforce their alleged trademark rights in a descriptive and generic mark.

36. Defendant's tortious conduct also deprived and will continue to deprive Plaintiff of the ability to freely use the term APPROVED MORTGAGE in commerce.

37. Defendant's unlawful and unfair conduct has led to Plaintiff being apprehensive of an imminent and frivolous lawsuit due to Plaintiff's continuous use of the term APPROVED MORTGAGE.

38. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. 1117(a) where Plaintiff is entitled to recover damages sustained as a result of Defendant's aforesaid acts.

39. Plaintiff is unable to ascertain, at present, the full extent of the monetary damages they have suffered thereby.

### SIXTH CAUSE OF ACTION
### (Unfair Trade Practices)

40. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-39 as though fully set forth herein.

41. Defendant's aforesaid activities constitute unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of Louisiana Revised Statute § 51:1405, and result in Plaintiff's irreparable harm.

42. Pursuant to Louisiana Revised Statute § 51:1409, Plaintiff is entitled to recover from Defendant all actual and treble damages sustained by Plaintiff as a result of Defendant's aforesaid acts.

43. Plaintiff is unable to ascertain, at present, the full extent of the monetary damages they have suffered thereby.

44. Unless enjoined, Defendant's unfair methods of competition, and unfair and deceptive acts and practices, will cause Plaintiff further irreparable harm, and Plaintiff is entitled to injunctive relief, pursuant to, *inter alia*, Louisiana Revised Statute §§ 51:1407 and 51:1408.

## SEVENTH CAUSE OF ACTION
### (Liability for Acts Causing Damages)

45. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs 1-44 as though fully set forth herein.

46. Defendant is liable for damages under Louisiana Civil Code Article 2315 for damages caused by their aforesaid activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

1. For entry of a declaratory judgment that Plaintiff has not violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

2. For entry of a declaratory judgment that Plaintiff has not violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125;

3. For entry of a declaratory judgment that Plaintiff has not infringement and does not infringe any alleged trademark rights of Defendant, whether common law or otherwise;

4. For cancellation of the '874 Registration pursuant to 15 U.S.C. § 1119;

5. For entry of judgment against Defendant for all actual and treble damages suffered by Plaintiff as a result of Defendant's tortious conduct;

6. For entry of judgment against Defendant for Plaintiff's attorneys' fees, costs, and expenses in this action;

7. For prejudgment and post-judgment interest; and

8. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

-9-

RESPECTFULLY SUBMITTED this 14th day of July 2023.

                /s/ *Thomas S. Keaty*
                Thomas S. Keaty (#7666) – TA
                KEATY LAW FIRM LLC
                365 Canal Street, Suite 2410
                New Orleans, Louisiana 70130
                Tel.: (504) 524-2100
                Fax: (504) 524-2105
                tskeaty@keatypatentfirm.com

                AND

                /s/ *John H. Weinstein*
                John H. Weinstein (#7558)
                194 N. Southlawn Dr.
                Lafayette, LA 70503
                Tel.: (337) 945-3632
                john@mooney121pa.com
                *Of Counsel*

                Attorneys for Plaintiff